UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARROLL T. BAILEY, ET AL** | : | **DOCKET NO. 10-cv-1387** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CITGO PETROLEUM CORP., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On, or about, June 13, 2007, plaintiff Carroll T. Bailey and approximately fifty-six others filed suit in Louisiana's 14th Judicial District Court alleging economic losses due to an oil spill. Doc. 1, att. 3.  The state court petition named, *inter alia*, Citgo Petroleum Corporation, Inc., and its subsidiaries, (collectively "Citgo") as defendants.[1]  *See id.*

On September 3, 2010, this case was removed to federal court.  Doc. 1.  The suit survived a motion to remand [*see* doc. 27], and a scheduling conference was held on September 1, 2011, during which a trial date was set for April 23, 2012.  *See* doc. 32.  The court was later advised by counsel that the majority of the cases had settled and that counsel would be moving to be relieved of representation of the remainder.

Then, on March 19, 2012, counsel for the remaining plaintiffs filed an unopposed motion to withdraw.  *See* doc. 34.  The attorneys, Robert Wynne, Jonathan Fontenot, and Noah Wexler,

---

[1] While other defendants were originally named in the plaintiffs' state court petition, only claims against Citgo remain.  *See* doc. 1, p. 3, *see also* doc. 1, att. 2, p. 14-16.

indicated that the attorney-client relationship had been severed with plaintiffs, Christina Fuselier, Randy Gary, Vo An Hoang, and James Toreau. *Id.* at 1. On March 27, 2012, the court set the motion for hearing on April 19, 2012. Doc. 35. In the electronic order setting the motion day, the court directed the withdrawing attorneys:

> to make every effort to contact the individual remaining plaintiffs who will hereafter be *pro se* and notify those plaintiffs that it is the court's order that they appear [at the motion hearing] ***personally***. If plaintiffs fail to appear as ordered the court may issue a report and recommendation to the district court that those claims be dismissed for lack of prosecution.

*Id.*

On April 19, 2012, the motion hearing was conducted. Doc. 36. At the hearing the court was informed that the case for plaintiff, Randy Gary, had settled. *Id.* Therefore, with respect to Mr. Gary, the court denied counsel's request to withdraw. Additionally, plaintiff, James Toreau, appeared at the hearing and similarly the court denied counsel's request to withdraw in Mr. Toreau's case. *Id.*

Plaintiffs Christina Fuselier and Vo An Hoang did not appear at the hearing. *Id.* Furthermore, withdrawing counsel supplied the court with certified mail receipts, and copies of letters sent to Fuselier and Hoang, informing them of the hearing date and this court's order that they appear, or face dismissal of their claims. *See* doc. 36, att. 1.

In light of the above, this court recommends that the claims set forth by plaintiffs Christina Fuselier and Vo An Hoang, in civil action 2:10-cv-01387, be dismissed for lack of prosecution.

When a plaintiff does not prosecute his case it is proper for his complaint to be dismissed by the court *sua sponte*. *See* FED. R. CIV. P 41(b); *Chamber v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). Given these plaintiffs'

failure to abide by the direct orders of this court, it is recommended that dismissal of the claims would be in order.

It is **THEREFORE RECOMMENDED** that the claims by plaintiffs Christina Fuselier and Vo An Hoang against defendant Citgo be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to LR41.3W, plaintiff is allowed ten calendar days from the mailing of this notice to file evidence of good cause for failure to act. Additionally, under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of May, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE